**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JONATHAN SWARTZ,** an Individual, for Himself and All Other Similarly Situated Persons, )<br>)<br>) | |
| **Plaintiff,** ) | Case No. 12-CV-1029-JAR |
| )<br>**v.** )<br>) | |
| **D-J ENGINEERING, INC.,** and<br>**REZAUL CHOWDHURRY,** )<br>)<br>) | |
| **Defendants.** )<br>_____ ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Conditionally Certify a Collective Action and Approve Notice to Putative Members of the Collective Action (Doc. 29). The matter is fully briefed. For the reasons stated in detail below, Plaintiff's motion is granted in part and denied in part. Specifically, the Court will conditionally certify the following classes: 1) All purportedly white-collar exempt employees; and 2) All engineers in the engineering department in which the Plaintiff worked. The Court will authorize written notice to be sent to putative plaintiffs. However, the Court first directs the parties to confer, attempt to agree on a proper notice and consent-to-join form, and resubmit the forms for the Court's approval. Finally, the Court grants Plaintiff's request for putative plaintiffs' names and contact information.

**I.      Standard**

Plaintiff Jonathan Swartz ("Plaintiff") seeks to conditionally certify his claims brought under the Fair Labor Standards Act ("FLSA") as a collective action under 29 U.S.C. § 216(b). An action under the FLSA may be brought "against any employer . . . by any one or more

employees for and in behalf of himself or themselves and other employees similarly situated."[1] Unlike a class action under Federal Rule of Civil Procedure 23, to participate in an FLSA collective action, all plaintiffs must "give[ ] [their] consent in writing to become such a party," and it must be "filed in the court in which such action is brought."[2]

Before notice is sent to putative plaintiffs to inform them of the pending action, it must be conditionally certified as a collective action. The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[3] Section 216(b) does not define "similarly situated." The Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for purposes of § 216(b).[4] This involves a two-step inquiry.[5] The first step occurs at the "notice stage" of the proceedings. Here, the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[6] At this stage, the court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[7] This standard is very lenient and typically results in conditional certification.[8]

---

[1] 29 U.S.C. § 216(b).

[2] *Id.*

[3] *See id.*

[4] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102, 1105 (10th Cir. 2001).

[5] *Id.* at 1105.

[6] *Id.* at 1102.

[7] *Id.* (internal alterations omitted); *Gieseke v. First Horizon Home Loan, Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citations omitted).

[8] *Thiessen*, 267 F.3d at 1103; *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citing *Gieseke*, 408 F. Supp. 2d at 1166).

After discovery is complete, defendants may file a motion to decertify, and the court then applies a stricter standard to assure that plaintiffs are actually similarly situated.[9] During this second stage, the court reviews a number of factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required [] before instituting suit."[10]

## II.    Background

Plaintiff filed this action on January 17, 2012.  In support of the allegations in the Complaint, Plaintiff has attached his declaration and the declarations of Michael Zollinger and Adam C. Lies to his memorandum in support of his motion for conditional certification.[11]  The allegations of Plaintiff's Complaint and declarations are summarized as follows.

Plaintiff brought this action on behalf of himself and all others similarly situated, against his former employer, defendant D-J Engineering, Inc. ("D-J"), and D-J's president, defendant Rezaul Chowdhury ("Chowdhury"),[12] (collectively "Defendants"),  alleging Defendants violated the FLSA,[13] by misclassifying its employees as exempt employees and failing to fully compensate them for overtime work performed.  Plaintiff seeks to have the FLSA claim certified as a collective action under 29 U.S.C. § 216(b).

---

[9]*Thiessen*, 267 F.3d at 1102–03.

[10]*Id.* at 1103; *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL, 2009 WL 352603, at *4 (D. Kan. Feb.12, 2009).

[11]Docs. 30–2, 30–4, 30–5.

[12]Defendants note that his correct name is Rezaul Chowdhury.  Doc. 4, at 1.

[13]29 U.S.C. §§ 201 *et seq.*, and specifically sections 207 and 213, and 29 C.F.R. § 541.601.

Plaintiff was employed by Defendants as a project engineer from September 2008 through December 2011.  Michael Zollinger was employed by Defendants as a Special Projects Engineer in the Research and Development Department from May 27, 2009 to August 5, 2011.[14]  Adam C. Lies was employed by Defendants as a Project Engineer in the Engineering Department from January 20, 2008 to April 1, 2011.[15]  D-J is a Kansas corporation with corporate offices in Augusta, Kansas.  D-J provides machining, sheet metal, assembly, composite, extrusion, hot forming and engineering services, primarily to aerospace industries.  D-J is engaged in interstate commerce, is an employer for purposes of and subject to the FLSA.

Plaintiff, Zollinger and Lies declared that:

> The company had a policy of requiring all employees who were classified as exempt to work 100 hours per each two-week period, requiring such employees to make up lost work time spent on absences of less than a day and deducting pay from the wages of such employees when their hours worked during a two-week period were less than 100 hours by more than a minimal amount.[16]

They also declared that "[t]he company did not have a bona fide policy or plan to pay employees who were absent from work for one or more days due to disability or illness."[17]

Throughout Plaintiff's employment with Defendants, he was classified as exempt from the overtime provisions of the FLSA, and was not paid overtime for any work week for which he worked in excess of 40 hours.  Plaintiff alleges that his job duties did not meet the requirements for exempt status, and that Defendants made deductions from his wages within both work weeks

---

[14] Doc. 30–4, ¶ 1.

[15] Doc. 30–5, ¶ 1.

[16] Docs. 30–2, 30–4, 30–5, at ¶ 6.

[17] *Id.* at ¶ 7.

and pay periods when he did not meet Defendants' minimum hourly requirements.

Zollinger and Lies were classified as exempt professional employees, were not paid overtime for hours worked over forty per week, and Defendants made deductions from their wages when they did not meet Defendants' minimum hourly requirements unless their hours fell just a few hours short of the 100 hour requirement, "or unless [their] manager exercised discretion and requested D-J Engineering cancel or reduce the deduction because [they] had worked enough hours, in recent pay periods, above the 100 hrs./2 week requirement to offset the number of hours [they were] "short" for the current pay period."[18]

Plaintiff alleges that he did not fall under any exemption or exception to the overtime rate required by the FLSA, including the executive exemption. Plaintiff alleges that Defendants knowingly and willfully violated the FLSA by misclassifying him as an exempt employee and denying him overtime compensation for work performed in excess of forty hours in a work week. As relief, Plaintiff seeks a judgment awarding him back pay and damages, including liquidated damages, costs and attorneys' fees.

Additionally, Plaintiff requests conditional certification of his claims as a collective action. During the time of Plaintiff's employment, Defendants employed more than twenty-five employees working at its plant in Augusta, Kansas. Plaintiff alleges that these similarly situated employees were paid pursuant to the same policies and practices that Defendants paid Plaintiff, and were denied overtime in violation of the FLSA.

## III. Discussion

Plaintiff's current motion asks the Court to conditionally certify the action as a collective

---

[18] Docs. 30–4 and 30–5, ¶¶ 1, 2, 4.

action under § 216(b) of the FLSA for the following two classes: 1) All purportedly white-collar exempt employees; and 2) All engineers in the engineering department in which the Plaintiff worked.  Plaintiff also asks the Court to approve the form of Plaintiff's proposed notices to all putative plaintiffs; and to require Defendants to provide a list of all employees whom they deem to be exempt white-collar employees during the period January 19, 2010, through January 21, 2013, the date on which Plaintiff filed his motion.  Plaintiff further requests that the Court order Defendants to provide the last known address and telephone number for each current and former employee included within the notice groups.

>   **A.**     **Evidentiary Issues**

As a preliminary matter, Defendants allege that Plaintiff's three declarations are not in a format that makes them admissible.  Defendants argue that Plaintiff's declarations were submitted under penalty of perjury pursuant to 28 U.S.C. § 1446, a federal removal statute.  Defendants argue that because the declarations were not submitted pursuant to the federal statute for unsworn declarations made under penalty of perjury, 28 U.S.C. § 1746, and are not in the form of affidavits, they are procedurally invalid.

Plaintiff has explained that his counsel mistyped the statutory citation to the federal declaration statute, acknowledging that the correct citation is 28 U.S.C. 1746, and not 28 U.S.C. 1446.  The statute allows a party to submit an unsworn declaration made under penalty of perjury for any false statements whenever a federal statute or rule calls for an affidavit.  The declarations follow the format of the statute and the Court will not disregard them based on counsel's typographical error.

In addition, Defendants argue that the declarations contain statements outside of the

personal knowledge of the declarant. Defendants argue that Plaintiff's declaration testifies regarding the contents of Defendants' company policies and the pay of other employees, without providing a foundation for how he has knowledge of such facts. Defendants also argue that Plaintiff's declaration fails to state facts regarding how he spent his time at work, but rather merely parrots the learned professional exemption language of 29 C.F.R. § 541.301. Defendants assert similar objections to the Zollinger and Lies declarations.

Courts have rejected arguments that declarations in support of motions for conditional certification should be disregarded because they are not based on personal knowledge and contain inadmissible hearsay.[19] Requiring a plaintiff to present evidence at this stage that meets the standards of the Federal Rules of Evidence "fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis of his case."[20] Motions for conditional certification differ from summary judgment motions, thus justifying different standards:

> First, motions for conditional certification occur at a much earlier stage in the litigation process than motions for summary judgment. Whereas summary judgment motions normally are made after the completion of discovery, motions for conditional certification normally are made when discovery is in its nascent stages. Requiring a plaintiff to present evidence in favor of conditional certification that meets the standards in Rule 56 fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case. Second, motions for conditional certification, unlike motions for summary judgment, do not seek the final disposition of a case on the merits. Requiring admissible evidence at the summary judgment stage is logical: there is a possibility that trial will be avoided by the result, so courts should decide the motions based on

---

[19] *Fisher v. Mich. Bell Tele. Co.*, 665 F. Supp. 2d 819, 826 (E.D. Mich. 2009).

[20] *Id.* (citations and quotations omitted).

> evidence that would be admissible at trial, if one were held. There is, however, no corresponding possibility of final disposition at the conditional certification stage: whether a motion for conditional certification is granted or denied, the case proceeds with discovery.[21]

Although declarations or affidavits in support of motions for conditional certification need not meet all evidentiary standards for admissibility at trial at the notice stage, they "must be based on the personal knowledge of the affiant. If the Court were to conclude otherwise, affidavits submitted would not be any more probative than the bare allegations in the complaint, and the requirement of factual support would be superfluous."[22] In *White v. MPW Industrial Services, Inc.*, the defendant made a similar argument regarding lack of personal knowledge.[23] The defendant asserted that the declarations were not based on the affiants' personal knowledge, where they included the statement that the policy of not compensating employees for travel within a 75-mile radius is company-wide. The court held that:

> Although these paragraphs do not explicitly set forth the circumstances under which the affiants came to know this information, it is reasonable to infer from the evidence submitted that Baker, Kennedy, and Antonio Phillips, as employees of MPW, would have learned during the normal course of their employment how the company operates and what the company's policies were. . . . Because the Court can reasonably infer that these statements are based on personal knowledge, albeit perhaps hearsay, the Court will not strike them.[24]

The Court declines to strike the declarations at the notice stage based on Defendants'

---

[21]*White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006).

[22]*Id.* at 369.

[23]*Id.*

[24]*Id.* (citation omitted).

allegation that the declarants lack personal knowledge.  Defendants' evidentiary arguments, at this stage, do not directly controvert or unravel the substantial allegations presented by Plaintiff.

### B. Conditional Certification

Plaintiff's motion is before the Court at the notice stage of review.  The parties have not yet completed discovery.[25]  Furthermore, the scheduling order only provides deadlines for limited discovery preceding the motion for conditional certification, and a trial date has not yet been set.[26]  As the parties do not dispute that the present motion is pending before this Court at the first stage,[27] the Court applies a lenient notice-stage analysis, reviewing the allegations in Plaintiff's Complaint and declarations, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[28]

Generally, courts in this district have limited the scope of their review at the notice stage of certification to the allegations in plaintiff's complaint and supporting affidavits or declarations.[29]  At this initial stage, the court applies the notice-stage determination of "similarly

---

[25] *See Pivonka v. Bd. of Cnty. Comm'rs of Johnson Cnty., Kan.*, No. 04-2598-JWL, 2005 WL 1799208, at *2 (D. Kan. July 27, 2005) (applying first-stage analysis even though discovery had been conducted).

[26] *See* Doc. 9, at 7 (not scheduling merits-based discovery and providing for a second scheduling conference after the ruling on the motion for conditional certification).

[27] *See* Doc. 37, at 6.

[28] *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[29] *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 434 & n.4 (D. Kan. 2007) (declining to consider defendant's additional evidence at the "notice stage" because plaintiff is only required to produce substantial allegations and supporting affidavits or declarations) (collecting cases); *see Gipson v. S.W. Bell Tel. Co.*, No. 08-cv-2017-EFM/DJW, 2009 WL 1044941, at *3 n.22 (D. Kan. Apr. 20, 2009); *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004).

situated" leniently.[30]  In reviewing a motion for conditional certification, the court does not weigh the evidence, resolve factual disputes,[31] or rule on the merits of plaintiffs' claims.[32]  The court "requires *nothing more* than substantial allegations."[33]  And judges in this District have declined to proceed to the second stage before notice is given.[34]

### 1. All purportedly white-collar exempt employees

Plaintiff requests that the Court conditionally certify a class of all purportedly exempt administrative, executive and professional employees regardless of the department and facility within which they work.  Plaintiff argues that this class was subjected to Defendants' violation of the salary-basis test for two reasons: 1) Defendants' pay plan is an hourly-based plan and not a salary-based plan; and 2) even if Defendants' pay plan starts out as a salary-based plan, the Defendants have a company-wide policy for making certain deductions from the salary of white-collar exempt employees that converts the salary-based pay plan to an hourly-based plan.

Plaintiff alleges that this same pay plan applied to all purportedly white-collar exempt

---

[30]*Thiessen,* 267 F.3d at 1102.

[31]*Barnwell v. Corr. Corp. of Am.*, No. 08-2151-JWL, 2008 WL 5157476, at *5 (D. Kan. Dec. 9, 2008) ("even assuming that plaintiffs had submitted evidence that could be considered contradictory, the fact that evidence exists negating plaintiffs' claims does not warrant the denial of conditional certification where plaintiffs nonetheless have presented substantial allegations supporting the existence of a policy"); *Geer*, 2005 WL 2648054, at *2 (deciding to only consider the pleadings and affidavits filed by plaintiffs because, "at this point, the Court is not prepared to weigh the evidence"); *Whalen v. United States*, 85 Fed. Cl. 380, 384 (Fed. Cl. 2009) ("In the process, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.") (citation and internal quotation marks omitted); *see also Thiessen*, 267 F.3d at 1106–07 (noting that, in applying the stricter second-stage standard, trial court weighed the evidence and made factual findings in determining whether plaintiffs were "similarly situated," and as a result "the district court essentially deprived plaintiffs of their right to have the issues decided by a jury, or to at least have the court determine, under summary judgment standards, whether there was sufficient evidence to send the issue to the jury.").

[32]*Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006).

[33]*Thiessen*, 267 F.3d at 1102 (alterations omitted; emphasis added).

[34]*Renfro*, 243 F.R.D. at 434 & n.4; *Gieseke*, 408 F. Supp. 2d at 1167 (noting significant prejudice to putative plaintiffs if the first stage were bypassed).

employees, thus making him similarly situated to all such employees, regardless of department or location within the company. The declarations support this argument, and the declarants allege that they have knowledge that the same practices applied to other exempt employees. Defendants argue that Plaintiff at various times requested to take unpaid days off in order to minimize his annual income tax liability, and because he is the only employee that made such a request, he is not similarly situated. Plaintiff contends that the employer may make deductions for absences of a day or more for personal reasons, but he suffered deductions from his salary for absences of less than a day and for absences due to illness even though Defendants had no sick pay plan. Plaintiff has made substantial allegations that these practices applied to all white-collar exempt employees.

Defendants argue that Plaintiff has not sufficiently alleged that he is "similarly situated" to the putative class members. Alternatively, Defendants argue that if a class is certified, it should be limited to Plaintiff's second suggested class—all engineers in D-J's engineering department. Defendants argue that the suggested class of all white-collar exempt employees should not be conditionally certified because it would include individuals holding positions that have fundamentally different job duties that invoke the application of separate and distinct FLSA exemptions.

The Court finds arguments comparing job duties premature.[35] Courts in the Tenth Circuit and the District of Kansas have sided with courts "refusing to consider individual factual issues

---

[35]*See Gipson*, 2009 WL 1044941, at *3 (declining to compare job duties at the first stage).

regarding exemptions at the notice stage."[36]  The Court follows the other judges in this District and declines to consider arguments based on individual factual circumstances until the second stage.  These issues will be more fully addressed at the second stage, after discovery is completed and the evidence is more fully developed to allow the Court to consider the disparate factual and employment settings of each plaintiff, the scope of the alleged violation, or the various defenses Defendants may assert against individual plaintiffs.[37]  On a motion for conditional certification, the court does not reach the merits of plaintiff's claim.[38]  To the extent Defendants have identified possible defenses or justifications for decertification, such arguments will be more fully considered should Defendants file a motion for summary judgment or motion to decertify.  Questions about the manageability of the case will also be considered at that time.[39]

Furthermore, the Court is not persuaded the distinctions identified by Defendants overcome Plaintiff's substantial allegations in support of conditional certification.  At the notice stage, plaintiffs are not required to show that their job duties were identical.[40]  Plaintiff has set

---

[36] *Geer*, 2005 WL 2648054, at *4 (citing *Thiessen*, 267 F.3d at 1103); *Brown*, 222 F.R.D. at 682 (refusing to consider "legal and factual issues unique to each employee such as whether the employee was an exempt employee" for conditional certification at the notice stage); *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (holding that "differences between and among plaintiff and the opt-ins . . . are simply not relevant at the notice stage when plaintiff . . . has set forth substantial allegations that all plaintiffs were subjected to a pattern and practice of age discrimination); *Renfro*, 243 F.R.D. at 433–434 & nn.3, 4; *Gieseke*, 408 F. Supp. 2d at 1168.

[37] *Thiessen*, 267 F.3d at 1102–03.  The fact that defendant may assert the same defense against all putative plaintiffs, *i.e.*, that they were exempt from FLSA requirements, supports conditional certification.  *See Underwood v. NMC Mortgage Corp.*, No. 07-2268-EFM, 2009 WL 1322588, at *4 (D. Kan. May 11, 2009) (noting at second stage that "the fact that the same defense equally applies to each Plaintiff works in Plaintiffs' favor").

[38] *Renfro*, 243 F.R.D. at 435 (citing *Gieseke*, 408 F. Supp. 2d at 1166.

[39] *Gieseke*, 408 F. Supp. 2d at 1168.

[40] *See Pivonka v. Bd. of Cnty. Comm'rs of Johnson Cnty., Kan.*, No. 04-2598-JWL, 2005 WL 1799208, at *4 (D. Kan. July 27, 2005) (declining to require identical job duties before conditionally certifying a collective action, as such analysis applies at the second stage); *see also Underwood v. NMC Mortgage Corp.*, No. 07-2268-EFM, 2009 WL 1322588, at *3 (D. Kan. May 11, 2009) (considering, under the second-stage analysis, the similarity of employees' job duties, geographical location, supervision, and salary).

forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan"[41] to misclassify employees as exempt professional employees in order to deny them compensation for substantial overtime they were required to perform as part of their jobs.[42] The court "requires nothing more."[43] There may be some differences in how each plaintiff's damages will be calculated.[44] Plaintiff's allegations, supported by the declarations, meet the low threshold for conditional certification and for sending notice to other putative plaintiffs.[45]

### 2. All engineers in the Engineering Department in which Plaintiff worked

Plaintiff alleges that he did not perform the job duties necessary to qualify as an exempt professional employee, and that other professionals within the Engineering Department likewise did not have a primary duty that involved work that is predominantly intellectual in character and that includes work requiring the consistent exercise of discretion and judgment. Lies also

---

[41]*Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[42]*See Renfro*, 243 F.R.D. at 434 (conditionally certifying a collective action on the basis of similar allegations); *Gieseke*, 408 F. Supp. 2d at 1168; *McCaffrey v. Mortgage Sources Corp.*, No. 08-2660-KHV, 2009 WL 2778085, at *3–*4 (D. Kan. Aug. 27, 2009); *Pivonka v. Bd. of County Comm'rs of Johnson County, Kan.*, No. 04-2598-JWL, 2005 WL 1799208, at *4 (D. Kan. July 27, 2005) (finding putative plaintiffs similarly situated for purposes of conditional certification although job duties were not identical); *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *3–*4 (D. Kan. Oct. 17, 2005) (conditionally certifying a collective action on claims involving FLSA exemptions).

[43]*Thiessen*, 267 F.3d at 1102 (internal alterations omitted).

[44]*Gieseke*, 408 F. Supp. 2d at 1168 (noting that individual differences in damages does not prevent conditional certification).

[45]*Renfro*, 243 F.R.D. at 434 ("Given the allegations of the complaint and supporting declarations, which suggest that plaintiffs maintained similar employment positions and did not receive overtime, plaintiffs have satisfied the low threshold required to demonstrate at the notice stage that all putative class members are similarly situated for purposes of conditional collective action certification under Section 216(b) of the FLSA.").

worked in the Engineering Department and his declaration supports Plaintiff's allegations.[46]
Plaintiff has again met his burden of showing substantial allegations with regard to this class.[47]
Notice of this collective action should be sent to putative plaintiffs and the parties should proceed to discovery on the merits of Plaintiff's claims.[48]

### C. Notice to Putative Plaintiffs

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[49] Plaintiff has attached proposed notices to his memorandum in support of his motion. However, Defendants oppose the notices on several grounds.

Plaintiff has agreed to cure some of Defendants' objections. Plaintiff has agreed to replace the designation of the defendant company as the defendant in this case with the designation that the company and Chowdhury are the defendants. Plaintiff also does not object to Defendants' suggestion that the description of their defenses in the case be expanded to read:

> D-J Engineering and Chowdhury deny Swartz's allegations and
> contend that they paid Swartz and other putative class members as
> exempt, salaried employees in compliance with applicable law.
> Accordingly, D-J Engineering and Chowdhury contend that neither
> Swartz nor any putative class members are entitled to overtime
> back pay.

---

[46] Doc. 30–5, at ¶¶ 13–15.

[47] Defendants acknowledge this showing. Doc. 37, at 8 ("Plaintiff has only provided sufficient evidence via his Complaint, Motion and supporting declarations to support the conditional certification of his second proposed class, all engineers who worked in the engineering department.").

[48] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[49] *See id.*

14

It appears to the Court that, with respect to Defendants' remaining objections, the parties have not yet met and conferred on a mutually agreeable notice to be sent to putative plaintiffs. Accordingly, with regard to the form and substance of the notice and consent-to-join forms to be sent to putative collective action members, Plaintiff's motion is denied without prejudice, to be reasserted after counsel have consulted with one another and attempted to resolve or at least narrow their remaining disputes.[50]  The parties should confer and a joint proposed notice and consent-to-join form should be submitted for the Court's review, as directed below.  If the parties cannot come to a compromise on specific issues, the Court advises Plaintiff to file a motion and Defendant to file a response as indicated below.  To the extent the parties have taken different positions, they should support their respective positions with case law or examples of notices/consent forms in other cases in this District.  The parties are encouraged to review the forms approved in *Fortna v. QC Holdings, Inc.*[51]  The Court notes in advance, however, that any reference to the District Court on the notice should be removed.[52]  The parties are encouraged to reach an agreement.

In preparation for the distribution of notice to putative plaintiffs, Defendants are directed to provide Plaintiff's counsel with a list of all present and former employees within the designated classes, with last known addresses and telephone numbers, by the date specified below.

---

[50]*Pivonka*, 2005 WL 1799208, at *5.

[51]No. 06-CV-0016-CVE-PJC, 2006 WL 2385303 (N.D. Okla. Aug. 17, 2006).

[52]*See Hoffmann-La Roche Inc.*, 493 U.S. at 169, 174 (declining to discuss the content of the notice, but when court-authorized notice included "a statement that the notice had been authorized by the District Court, but that the court had taken no position on the merits of the case," the Supreme Court reminded lower courts that they must "take care to avoid even the appearance of judicial endorsement of the merits of the action.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion to Conditionally Certify a Collective Action and Approve Notice to Putative Members of the Collective Action (Doc. 29) is **granted in part and denied in part.**  The Court **grants** Plaintiff's motion to conditionally certify Plaintiff's claims under § 216(b) of the FLSA for the following classes of persons:  1) All purportedly white-collar exempt employees; and 2) All engineers in the engineering department in which the Plaintiff worked.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion to approve Plaintiff's form of notice is **denied without prejudice**, to be reasserted after the parties have conferred.  The parties shall meet and confer in an attempt to reach an agreement on a proposed notice and consent form to be sent to putative plaintiffs, including a proposed deadline for the potential opt-in plaintiffs to join this action by filing consents with the Court.  If an agreement is reached, the parties shall submit a joint proposed notice and consent form to the Court for approval within fourteen (14) days of the Court's order.  To the extent the parties are unable to reach an agreement on a proposed notice and consent form, Plaintiff shall file a motion within fourteen (14) days of the Court's order, to seek approval of the proposed forms, and Defendants shall have fourteen (14) days to respond to Plaintiff's motion.  Defendants may, if necessary, submit an alternative proposed notice and consent form with their response.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion requesting a list of all putative plaintiffs within the designated classes is **granted.**  Defendants shall provide to Plaintiff's counsel a list of all employees whom they deem to be exempt white-collar employees during the period January 19, 2010, through January 21, 2013, and a list of the last known address and telephone number for each current and former employee included within the notice groups

within fourteen (14) days of the Court's order.

**IT IS SO ORDERED.**

Dated: September 24, 2013

                                              S/ Julie A. Robinson  
                                              JULIE A. ROBINSON  
                                              UNITED STATES DISTRICT JUDGE