# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JONATHAN SWARTZ,** an Individual, for<br>Himself and All Other Similarly Situated Persons, | )<br>)<br>) | |
| **Plaintiff,** | )<br>) | **Case No. 12-CV-1029-JAR** |
| **v.** | )<br>) | |
| **D-J ENGINEERING, INC., and<br>REZAUL CHOWDHURRY,** | )<br>)<br>) | |
| **Defendants.** | )<br>) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Joint Motion for Order Approving Forms of Notice to Putative Members of Collective Action and Designating Plaintiff as Representative of Opt In Plaintiffs and Further Designating Plaintiff's Attorneys as Attorneys for Opt In Plaintiffs (Doc. 47). The parties ask the Court to designate Plaintiff as the representative of any putative members of the conditionally certified class who opt to join this action, and to designate Plaintiff's attorneys as the attorneys for the opt in plaintiffs. The parties also ask the Court to approve their Forms of Notice.

The parties attached Form Notices to their motion,[1] and are in agreement on the form and content of the notices with one exception. The Defendants believe that language should be included in the notice and consent that advises the noticed employees of the possibility of being subject to a counterclaim by the Defendants if they join in the collective action. The Plaintiff

---

[1]Docs. 47–1 and 47–2.

does not believe that a reference to potential counterclaims is appropriate. Defendants claim that they will not know until it is determined who is going to join whether a compulsory counterclaim exists. Plaintiff objects on the grounds that it is chilling to prospective plaintiffs, and because joining the collective action does not affect whether the Defendants have a claim against putative class members. The parties are asking the Court to resolve this disagreement.

The Court finds that the disputed language referencing possible counterclaims should not be included in the notices. The court in *In re Bank of America Wage and Hour Employment Litigation*, concluded that:

> the Bank, in the absence of any articulable, specific counterclaim or defense that is reasonably likely to succeed, may not reference any potential defense (other than specific denials of wrongdoing), counterclaim or counterclaim damages in its position of the case. Without a showing that any particular counterclaim or defense has potential merit, the concerns about a chilling effect outweigh the benefit of making a generic reference to counterclaims.[2]

Likewise, in this case the Court finds that absent any showing that counterclaims are likely to succeed, the concerns over creating a chilling effect on potential plaintiffs outweigh the need for such language.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff Jonathan Swartz is designated as Class Representative.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is approved to act as Class

---

[2]286 F.R.D. 572, 600 (D. Kan. 2012) (citing *Green v. Executive Coach & Carriage,* 895 F. Supp. 2d 1026, 1029–31, 2012 WL 4062794, at *3 (D. Nev. 2012) (in the absence of showing that counterclaims likely to succeed, defendant could not include in notice reference to counterclaims as part of "fair and accurate description" of the case.)). *See also*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) ("Defendants' request to notify potential plaintiffs that they may be responsible for counterclaims or any other costs is denied."); *Guzman v. VLM, Inc.*, No. 07 Civ. 1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007) (rejecting such language because it "may have an *in terrorem* effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree.")).

Counsel in this matter.

**IT IS FURTHER ORDERED** that the Forms of Notice attached to the parties' joint motion (Doc. 47) are approved for notice to putative members of the conditionally certified classes. The Notices shall not include the disputed language referencing possible counterclaims.

**IT IS SO ORDERED.**


Dated: October 18, 2013

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE