## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JONATHAN SWARTZ, et al.,

      Plaintiffs,

v.                                                                      Case No. 12-cv-01029-DDC-KGG

D-J ENGINEERING, INC., and
REZAUL CHOWDHURY,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiffs filed this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §
201 *et seq.*, alleging defendants D-J Engineering, Inc. ("DJE") and its Chief Executive Officer,
Rezaul Chowdhury, improperly classified them as salaried employees exempt from the FLSA's
overtime-pay requirements.  The parties have notified the Court that they have settled this case.
This matter comes before the Court on the parties' Joint Motion for Approval of FLSA
Collective Action Settlement (Doc. 129).  For the reasons explained below, the Court cannot yet
decide this motion and directs plaintiffs to supplement the motion with additional information, as
set forth below.

"A settlement of claims under the FLSA must be presented to the Court for review and
determination whether the settlement is fair and reasonable." *Tommey v. Computer Scis. Corp.*,
No. 11-cv-02214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015); *see also Gambrell v.
Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 5306273, at *2 (D. Kan. Oct. 29, 2012) (citing
*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) ("When
employees file suit against their employer to recover back wages under the FLSA, the parties

1

must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable."). Currently, the Court does not have enough information to approve the settlement as fair and reasonable.

The proposed settlement provides defendants will pay a total gross settlement amount of $100,000 to be distributed as follows: $7,500 to reimburse attorneys' costs, $18,500[1] as a 20% attorneys' fee, and $74,000[2] to be distributed among plaintiffs. The parties' proposed settlement agreement gave plaintiffs and their counsel discretion to determine how to allocate the $74,000 net settlement amount, and their chosen distribution allocations to each individual plaintiff were attached to the settlement agreement. Doc. 130–2 at 9; Doc. 130–4. If approved, $1,500 is designated for two particular plaintiffs as enhancements. The remaining $72,500[3] will be distributed based on a per capita share, capped at the estimated amount of unliquidated damages for each individual. Doc. 130 at 7–8. The memorandum in support of the motion for settlement approval explains that plaintiffs helped create the distribution method, and unanimously support it. Doc. 130 at 8. And, the memorandum states that plaintiffs' counsel estimated the actual unliquidated damages for each plaintiff for this purpose. *Id.* at 7.

Plaintiffs' counsel, however, provided no documentation explaining how they estimated the unliquidated damage amount for each plaintiff. The Court notes that plaintiffs did provide that "[p]laintiffs' counsel estimated that the gross unliquidated damages for all Plaintiffs amounted to $156,634." Doc. 132 at 6. But, the Court has no background information of how counsel determined the individual amount for each plaintiff. "To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee[s] and must not frustrate the FLSA policy rationales." *Solis v. Top Brass, Inc.*, No. 14-cv-00219-KMT, 2014 WL

---

[1] $100,000 - $7500 = $92,500; $92,500 x .2 = $18,500
[2] $92,500 - $18,500 = $74,000
[3] $74,000 - $1,500 = $72,500

4357486, at *3 (D. Colo. Sept. 3, 2014).  Here, the Court needs supplemental information from plaintiffs to ensure that the settlement provides adequate compensation to each employee.  The Court cannot approve the settlement as fair and reasonable knowing only that the distributions to each plaintiff are based on "what the [p]laintiffs' attorneys estimated the actual unliquidated damages for each individual plaintiff to be."  Doc. 130 at 7.  Because plaintiffs fail to provide sufficient facts upon which the Court may conclude that the settlement award will be distributed in a fair and reasonable manner, the Court directs the parties to provide more background information and/or examples of how plaintiffs' counsel constructed the unliquidated damage estimate for each plaintiff.

     **IT IS THEREFORE ORDERED** that plaintiffs must supplement the Joint Motion for Approval of FLSA Collective Action Settlement (Doc. 129), as set forth above, **on or before February 12, 2016**.

     **Dated this 28th day of January, 2016, at Topeka, Kansas**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**